IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY COX, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1626 |
| | § | |
| WASTE MANAGEMENT OF | § | |
| TEXAS, INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This disability discrimination case is before the Court on Defendants Waste Management of Texas, Inc. ("WM") and USA Waste of Texas Landfills, Inc.'s Bill of Costs [Doc. # 112], to which Plaintiff Timothy Cox filed an Opposition [Doc. # 113], Defendants filed a Reply [Doc. # 116], and Plaintiff filed a "Surresponse" [Doc. # 117]. Having reviewed the record and applied relevant legal authorities, the Court overrules Plaintiff's objections and awards costs as requested by Defendants.

Rule 54(d) of the Federal Rules of Civil Procedure states that "costs – other than attorneys' fees – should be allowed to the prevailing party" unless the court otherwise directs. FED. R. CIV. P. 54(d). By statute, however, federal courts may award only those costs itemized in 28 U.S.C. § 1920, absent explicit statutory or contractual authorization to the contrary. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987); *see Mota v. Univ. of Texas Houston Health Sci. Ctr.*,

261 F.3d 512, 529 (5th Cir. 2001). Under 28 U.S.C. § 1920, a court may tax the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts, interpreters, and special interpretation services. 28 U.S.C. § 1920; *Jerry v. Fluor Corp.*, 2012 WL 4664423, *1 (S.D. Tex. Oct. 2, 2012) (Miller, J.).

The Court has broad discretion in determining the appropriateness of an award of costs under Federal Rule of Civil Procedure 54(d)(1). *See Breaux v. City of Garland*, 205 F.3d 150, 164 (5th Cir. 2000); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998) ("The district court has broad discretion in taxing costs, and we will reverse only upon a clear showing of abuse of discretion."). This includes the authority to consider the necessity and reasonableness of the costs requested. *See, e.g., Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257–58 (5th Cir. 1997); *Ernst v. Sunbelt Rentals, Inc.*, 122 F. App'x 722, 723 (5th Cir. 2004).

There is, however, a "strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Indeed, "the prevailing party is *prima facie* entitled to costs." *Id.* (quoting *Schwarz v. Folloder*,

767 F.2d 125, 131 (5th Cir. 1985)).  A court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so."  *Id.* at 794 (quoting *Schwarz*, 767 F.2d at 131).

Plaintiff argues that this Americans With Disabilities Act case is a "civil rights case" and, therefore, costs should not be assessed against him because he had a good faith belief in the merits of his case.  In support of this argument, Plaintiff cites *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978), a case involving an award of attorneys' fees, and *Dual v. Cleland*, 79 F.R.D. 696, 697 (D.D.C. 1978).  The Fifth Circuit, however, has repeatedly declined to extend *Christiansburg* to an award of costs.  *See Byers v. The Dallas Morning News, Inc.*, 209 F.3d 419, 430 (5th Cir. 2000); *Lewis v. NLRB*, 750 F.2d 1266, 1279 (5th Cir. 1985); *Hill v. J.C. Penney Co., Inc.*, 688 F.2d 370, 375 (5th Cir. 1982); *Jones v. City of San Antonio*, 568 F.2d 1224, 1225-26 (5th Cir. 1978).  The Fifth Circuit has similarly rejected Plaintiff's argument that an award of costs should be denied because it may have a "chilling effect" of future plaintiffs.  *See Perez v. Pasadena Indep. Sch. Dist.*, 165 F.3d 368, 374 (5th Cir. 1999) (citing *LULAC v. Roscoe Indep. Sch. Dist.*, 123 F.3d 843, 848-49 (5th Cir. 1997); *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 256-57 (5th Cir. 1997)); *see also Escopeta Oil & Gas Corp. v. Songa Mgmt., Inc.*, 2007 WL 171721, *13 (E.D. Tex. Jan. 17, 2007) (Crone, J.) (holding that "a potential chilling

effect on seeking redress in court will not suffice to avoid an award of costs"). The Fifth Circuit has rejected Plaintiff's argument that his good faith is a sufficient basis for denying an award of costs. *See Pacheco*, 448 F.3d at 795.

Plaintiff objects to an award of costs in this case because of defense counsel's "multiplication of the proceedings." The Court finds that defense counsel did not engage in a vexatious or otherwise improper "multiplication of the proceedings." Plaintiff's subordinate, Ted Tate, provided an affidavit that purported to support Plaintiff's assertion that the relevant decision maker at Waste Management knew of Plaintiff's heart attack before deciding to include Plaintiff in a reduction in force. Plaintiff failed to disclose Tate's alleged knowledge until he filed his response in opposition to Defendants' Motion for Summary Judgment. Telephone records appeared to show that Tate's affidavit was untrue. Defendants were entitled to investigate Tate's statements and, indeed, the Court was very interested in the results of that investigation. Although ultimately the telephone records were not conclusive, the investigation was not an improper "multiplication of the proceedings" that would warrant a denial of costs in this case.

Plaintiff objects to the $1,109.80 requested for the expedited transcript of his deposition. The Court overrules the objection. Plaintiff was deposed on January 17, 2012, and the Court required briefing on Defendants' Motion for Sanctions by January

23, 2012. To meet this briefing deadline, Defendants were required to obtain an expedited transcript of Plaintiff's deposition. Because Defendants needed the transcript on an expedited basis, they are entitled to recover that cost. *See Fogleman v. Aramco*, 920 F.2d 278, 286 (5th Cir. 1991); *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 903 (5th Cir. Nov. 3, 2009), *cert. denied*, 130 S. Ct. 2383 (2010).

Plaintiff objects to the $3,868.75 requested for videotaped depositions. In October 2008, Congress passed the Judicial Administration and Technical Amendments Act of 2008, amending § 1920(2) to allows as taxable costs fees for printed ***or electronically recorded*** transcripts necessarily obtained for use in the case. *See S&D Trading Academy LLC v. AAFIS Inc.*, 336 F. App'x 443, 450-51 (5th Cir. July 1, 2009), *cert. denied*, 130 S. Ct. 1054 (2010); *see also Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 976 (S.D. Tex. 2011) (Lake, J.). Although the case did not proceed to trial, Defendants have shown that these videotaped depositions were reasonably obtained for use in the case. The videotaped depositions of Plaintiff, Ted Tate, and the AT&T corporate representative would clearly have been used at trial, particularly if Tate had testified consistent with his affidavit submitted as an exhibit to Plaintiff's opposition to Defendants' Motion for Summary Judgment. The Court finds that these videotaped depositions were necessarily obtained for use in the case.

Plaintiff objects to $1,669.10 of the requested amount for copying costs. Defendants have demonstrated that the full amount of copying costs, including the challenged $1,669.10, was for copies to be used in the case. This Court requires a courtesy copy of any filing that exceeds ten (10) pages. Defendants' Motion for Summary Judgment, with exhibits, was itself almost 350 pages. The Court finds that Defendants' copying expenses were necessary for use in this case and are taxable against Plaintiff.

Based on the foregoing, it is hereby

**ORDERED** that Defendants shall recover from Plaintiff their taxable costs in the amount of $19,610.53.

SIGNED at Houston, Texas, this 25th day of **February, 2013.**

_____
Nancy F. Atlas
United States District Judge